UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TYRONE HURT,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL MUSEUM OF AFRICAN AMERICAN HISTORY AND CULTURE SMITHSONIAN,<br><br>  Defendant. | Case No. 2:16-cv-02868-JCM-GWF<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff's failure to comply with the court's Order (ECF No. 9). This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is proceeding in this action *pro se* and he submitted an amended complaint on February 3, 2017. *See Amended Complaint* (ECF No. 3). Plaintiff is proceeding in this action *pro se* and he submitted an Application to Proceed *In Forma Pauperis* on February 23, 2017. The court issued an Order (ECF No. 5) denying Plaintiff's request to proceed *in forma pauperis* without prejudice and allowed Plaintiff to either pay the appropriate filing fee or submit a complete application in support of his request to proceed *in forma pauperis*. Plaintiff again filed an incomplete application and the Court denied his application and allowed him to either pay the filing fee or filing a complete application no later than July 23, 2018.

On August 21, 2018, the court entered an Order to Show Cause (ECF No. 9) directing Plaintiff to "show cause, in writing, no later than August 31, 2018, why this matter should not be dismissed for a failure to file an amended complaint." Plaintiff was warned that failure to file an amended complaint would result in a recommendation to the district judge that this case be dismissed. To date, Plaintiff has not filed an amended complaint, requested an extension of time,

1

or taken any other action to prosecute this case.

In addition, on September 7, 2018, the Order to Show Cause that was mailed to Plaintiff was returned as undeliverable. *See* ECF No. 10. Pursuant to Local Rule IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. . . Failure to comply with this rule may result in the dismiss of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Plaintiff has failed to update his current address with this Court. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Complaint (ECF No. 3) be DISMISSED.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 14th day of September, 2018.

> GEORGE FOLEY, JR.
> UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition,

1  failure to file timely objections to any factual determinations by a magistrate judge may be
2  considered a waiver of a party's right to appellate review of the findings of fact in an order or
3  judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th
4  Cir. 1991); Fed. R. Civ. Pro. 72.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28